Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Timothy Brown
on behalf of himself and all others
similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------X

TIMOTHY BROWN, on behalf of himself
and all others similarly situated

          Plaintiffs,

  v.

DYNAMIC RECOVERY SOLUTIONS, LLC
& LVNV FUNDING, LLC

          Defendants.

-------------------------------------------------------X

Civil Action No.

**CLASS ACTION**
**COMPLAINT**

Plaintiff, by and through his counsel, Ryan Gentile, Esq., as and for his complaint against Defendants, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff, on his own behalf and on behalf of the classes he seeks to represent, brings this action to secure redress for the debt collection practices utilized by Dynamic Recovery Solutions, LLC ("Dynamic") and LVNV Funding LLC ("LVNV") (collectively the "Defendants") in connection with their attempts to collect alleged debts from the Plaintiff and others.

1

2. Plaintiff alleges that Defendants' debt collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:
   a. The acts giving rise to this lawsuit occurred within this District; and
   b. Defendants do business within this District.

## PARTIES

7. Plaintiff, Timothy Brown, is an individual natural person who at all relevant times resided in the City of Plainsboro, County of Middlesex, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. LVNV is a limited liability corporation with its principal place of business located at 55 Beattie Place – Suite 110, Greenville, SC 29601.

10. LVNV is a post-default purchaser of consumer debts. LVNV's business model is to pay less than ten cents on the dollar for an individual's defaulted debt and then seek to collect the full amount of that defaulted debt from the individual.

11. LVNV's website describes LVNV as a corporation that purchases debts after they have been charged off by their original creditor. *See* http://lvnvfunding.com (Last visited June 2, 2020).

12. The principal purpose of LVNV is the collection of debts using the mail and telephone.

13. Debt collection is the principal purpose of LVNV's business.

14. LVNV has no principal purpose other than purchasing defaulted debts and then seeking to collect said debts.

15. Debt collection is LVNV's only business.

16. LVNV is in the business of debt-buying.

17. LVNV exists solely for the purpose of purchasing defaulted debts at a discount and then seeking to collect the full amount of the defaulted debts.

18. LVNV's only business is the purchasing of debts for the purpose of collecting on those debts.

19. LVNV's *raison d'être* is obtaining payment on the debts that it acquires.

20. LVNV does not offer or extend credit or engage in lending, they only purchase defaulted debts at a discount and then attempt to collect said debts.

21. LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

22. Dynamic is a limited liability corporation with its principal place of business located at 135 Interstate Blvd, Greenville, SC 29615

23. The principal purpose of Dynamic is the collection of debts using the mail and telephone.

24. Dynamic regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

25. Dynamic's website describes Dynamic as providing, "nationwide consumer and commercial collection services to organizations including Banking, Student Loans, Health Care, Retail, Telecommunications, Utilities, Legal, and Real Estate." *See* https://www.gotodrs.com (last visited June 2, 2020).

26. Dynamic is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTS**

27. Sometime in February of 2013, Plaintiff allegedly incurred a debt to WebBank ("WebBank") related to a personal Fingerhut credit card account with an account number ending in 5037 (the "Debt").

28. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal credit card account in Plaintiff's name that was issued by WebBank.

29. The Debt arose out of a credit card account which Plaintiff opened and used for his personal use.

30. Plaintiff's credit card account that was issued by WebBank was neither opened nor used by Plaintiff for business purposes.

31. Plaintiff's personal credit card account Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

32. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the alleged Debt.

33. Sometime after the incurrence of the Debt, but before the initiation of this action, the Debt went into default pursuant to the terms of the agreement creating the Debt and/or by operation of law.

34. Sometime prior to March 1, 2016, the Debt was allegedly purchased by and/or sold to LVNV by WebBank.

35. At the time the Debt was purchased by and/or sold to LVNV, the Debt was past due.

36. At the time the Debt was purchased by and/or sold to LVNV, the Debt was in default pursuant to the terms of the agreement creating the Debt and/or by operation of law.

37. On October 24, 2016, LVNV, through use of an attorney licensed in New Jersey, filed suit in the Superior Court of New Jersey, Middlesex County, Special Civil Part, Docket No. DC-010783-16 ("Collection Lawsuit") seeking to collect the Debt.

38. On March 27, 2017, LVNV, through use of an attorney licensed in New Jersey, obtained a default judgment (the "Judgment") against Plaintiff in the Collection Lawsuit.

39. The total amount of the Judgment obtained by LVNV was $1,036.33. The breakdown of the Judgment according to the Superior Court of New Jersey's records was:

AMOUNT: $945.42
COST: $57
ATTORNEY FEE: $33.91:

JUDGMENT TOTAL: $1,036.33

(Annexed hereto as **Exhibit A** is a copy of the Judgment obtained by LVNV in the Collection Lawsuit)

40. The $33.91 Attorney Fee assessed on the $945.42 "amount" of the Judgment was done so in accordance with N.J.S.A. 22A:2-42: "There shall be taxed by the clerk of the Superior Court, Law Division, Special Civil Part in the costs against the judgment debtor, *a fee to*

*the attorney of the prevailing party*, of five per centum (5%) of the first five hundred dollars ($500.00) of the judgment, and two per centum (2%) of any excess thereof." ("Statutory Attorney Fee"). (Emphasis Added)

41. Sometime after obtaining the Judgment against Plaintiff, the Debt was referred to Dynamic by LVNV for the purpose of collection.

42. The Debt was in default pursuant to the terms of the agreement creating the Debt and/or by operation of law at the time the Debt was referred by LVNV to Dynamic for collection.

43. The Debt was past-due at the time the Debt was referred by LVNV to Dynamic for collection.

44. At all times relevant hereto, LVNV acted in an attempt to collect the Debt.

45. At all times relevant hereto, Dynamic acted in an attempt to collect the Debt.

46. On or about April 24, 2020, Dynamic mailed or caused to be mailed a letter to Plaintiff (the "Dynamic Letter"). (Annexed and attached hereto as <u>Exhibit B</u> is a true copy of the Dynamic Letter dated April 24, 2020 that Dynamic mailed or caused to be mailed to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect his privacy).

47. LVNV participated in the drafting of the Dynamic Letter and provided Dynamic with information regarding the Debt that was to be included in the Dynamic Letter, including but not limited to the amount of the Debt that LVNV claimed they were owed and sought to collect from Plaintiff.

48. Upon information and belief, LVNV approved of the form of the Dynamic Letter prior to the Dynamic Letter being mailed or caused to be mailed by Dynamic to Plaintiff.

49. Upon information and belief, the Dynamic Letter was mailed or caused to be mailed to Plaintiff by Dynamic and the direction and request of LVNV after LVNV approved the form of the Dynamic Letter.

50. Dynamic mailed the April 24, 2020 letter attached as <u>Exhibit B</u> as a part of their efforts to collect the Debt.

51. LVNV directed and caused Dynamic to mail the April 24, 2020 letter attached as <u>Exhibit B</u> as a part of LVNV's efforts to collect the Debt.

52. Plaintiff received the Dynamic Letter in the mail.

53. Plaintiff read the Dynamic Letter upon receipt of the letter in the mail.

54. The Dynamic Letter was sent in connection with the collection of the Debt.

55. The Dynamic Letter seeks to collect the Debt.

56. The Dynamic Letter conveyed information regarding the Debt including the Total Outstanding Balance, Dynamic reference number, and that LVNV was supposedly owed the $1,043.70 Total Outstanding Balance.

57. The Dynamic Letter is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

58. The Dynamic Letter is the first written communication Plaintiff received from Dynamic.

59. The Dynamic Letter is the first written communication Dynamic sent to Plaintiff regarding the Debt.

60. Dynamic Letter represents Dynamic's initial collection "communication" with Plaintiff as "communication" is defined by 15 U.S.C. §1692a(2).

61. The Dynamic Letter states in relevant part:

    "Total Outstanding Balance: $1,043.70"

62. The Dynamic Letter does not disclose or state in any way that the amount of the Debt ($1,043.70) may or will increase because of interest that is accruing on the Debt.

63. Interest was in fact accruing on the Debt.

64. The $1,043.70 amount that the Defendants sought to collect from Plaintiff in the Dynamic Letter included the Statutory Attorney Fee of $33.91.

65. The Statutory Attorney Fee assessed pursuant to N.J.S.A. 22A:2-42 "is tied to the successful prosecution of suit in the county district court, and is **payable directly to the attorney**. As a taxed cost of litigation, it is in the nature of a statutorily authorized penalty against the judgment debtor, saddling him with **the burden of compensating the creditor's attorney** for the latter's litigational duties." *See* Scioli v. Goldman & Warshaw, PC, 651 F.Supp. 2d 273 (D.N.J. 2009) (emphasis added).

66. The Statutory Attorney Fee is not owed to LVNV nor is it the legal property of LVNV. *See* Scioli v. Goldman & Warshaw, PC, 651 F.Supp. 2d 273 (D.N.J. 2009).

67. The Statutory Attorney Fee is owed to, the property of, and directly payable to The Law Offices of Faloni and Associates, LLC, who were LVNV's attorney in the Collection Lawsuit.

68. The Statutory Attorney Fee is not owed to, the property of, and/or directly payable to LVNV.

69. Upon information and belief, when LVNV attempts to collect a debt that has been reduced to a judgment from a Civil Court in New Jersey, LVNV attempts to collect the

statutory attorney fee taxed by the clerk of the Court pursuant to N.J.S.A. 22A:2-42 for themselves.

70. Upon information and belief, when LVNV collects payment on a debt that has been reduced to a judgment from a Civil Court in New Jersey, and that payment includes an amount of statutory attorney fee award pursuant to N.J.S.A. 22A:2-42, LVNV does not turn over that statutory attorney fee award to the attorney who represented them in the underlying collection lawsuit, but rather LVNV keeps that money for themselves.

71. In sending the Dynamic Letter, Defendants sought to collect the Statutory Attorney Fee of $33.91 from Plaintiff even though that Statutory Attorney Fee did not legally belong to LVNV and LVNV had no right to collect the Statutory Attorney Fee, claim it was owed to them, or keep it for themselves.

72. On or about April 25, 2020, Resurgent Capital Services L.P. ("Resurgent") on behalf of LVNV, mailed or caused to be mailed a letter to Plaintiff (the "LVNV Letter"). (Annexed and attached hereto as <u>Exhibit C</u> is a true copy of the LVNV Letter dated April 25, 2020 sent by Resurgent and LVNV to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect his privacy).

73. Resurgent and LVNV mailed the April 25, 2020 LVNV Letter as a part of LVNV's efforts to collect the Debt.

74. Plaintiff received the LVNV Letter in the mail.

75. Plaintiff read the LVNV Letter upon receipt of the letter in the mail.

76. The LVNV Letter was sent in connection with the collection of the Debt.

77. The LVNV Letter seeks to collect the Debt.

78. The LVNV Letter conveyed information regarding the Debt including the Balance, reference number, and how to make a payment.

79. The LVNV Letter states that it was an attempt to collect the Debt.

80. The LVNV Letter is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

81. The LVNV Letter listed the Balance owed on the Debt to be $1,044.25.

82. The $1,044.25 balance included the Statutory Attorney Fee.

83. The increase in the Debt from $1,043.70 on April 24, 2020 (*see* **Exhibit B**) to $1,044.25 on April 25, 2020 (*see* **Exhibit C**) was because of interest that had and was continuing to accumulate on the Debt.

84. The Dynamic Letter attached as **Exhibit B** did not state that Dynamic or LVNV would accept payment of $1,043.70 in full satisfaction of the Debt if payment of $1,043.70 was made by a specified date.

85. Plaintiff, as would any least sophisticated consumer, incorrectly believed from reading the Dynamic Letter that the amount of the Debt was static and that his payment of the $1,043.70 amount listed in the Dynamic Letter would satisfy the Debt irrespective of when the payment was remitted.

86. Upon receipt of the Dynamic Letter, had Plaintiff sent a payment of $1,043.70 (the amount Dynamic states in **Exhibit B** it has been requested to collect) to Dynamic, that would not have satisfied the Debt in full because the Debt was accruing interest and that interest accrual was not disclosed to Plaintiff in the Dynamic Letter. In fact, by April 25, 2020, the day after Dynamic mailed the Dynamic Letter to Plaintiff (the Dynamic Letter is dated April 24, 2020), the Debt had grown from $1,043.70 to $1,044.25 (*see* **Exhibits B & C**) because of interest that had accrued on the Debt. The amount of the Debt had

grown because of the interest accrual even before the Dynamic Letter was received by the Plaintiff in the mail.

87. Dynamic and LVNV had no legal right to collect the Statutory Attorney Fee of $33.91 because that Statutory Attorney Fee was not legally owed to LVNV. Rather the Statutory Attorney Fee is legally owed to, directly payable to, and the sole property of The Law Offices of Faloni and Associates, LLC, who were LVNV's attorneys in the Collection Lawsuit.

88. <u>Exhibit B</u> is a computer-generated form letter.

89. <u>Exhibit C</u> is a computer-generated form letter.

90. On information and belief, the Dynamic Letter attached as <u>Exhibit B</u> is a mass-produced, computer generated form letter that is prepared by Dynamic, with the assistance and direction of LVNV, and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt allegedly owed to LVNV.

91. On information and belief, the LVNV Letter attached as <u>Exhibit C</u> is a mass-produced, computer generated form letter that is used by LVNV, and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt allegedly owed to LVNV.

92. Dynamic used the same procedures it used in sending the Dynamic Letter attached as <u>Exhibit B</u> when sending the same and/or similar letters to other New Jersey consumers who allegedly owed a debt to LVNV.

93. LVNV used the same procedures it used in assisting Dynamic with drafting the Dynamic Letter when seeking to collect debts for New Jersey consumers that had been reduced to judgment.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST DYNAMIC RECOVERY SOLUTIONS, LLC)

94. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

95. The actions of Dynamic described above violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692(e)(10), and 1692g(a)(1).

96. 15 U.S.C. § 1692e provides:

**§1692e.      False or Misleading Representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of --

(A) the character, amount, or legal status of any debt;

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

97. 15 U.S.C. § 1692g provides:

**§1692g      Validation of debts**

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(1) the amount of the debt

98. Courts in this District and others, including Circuit Courts, have recognized that an initial communication validation notice, like the Dynamic Letter attached as <u>Exhibit B,</u> violates §1692e of the FDCPA unless it states the total amount due as of the date the letter is sent **and** discloses whether the amount of the debt will increase because of interest or fees

accruing on the unpaid principal. *See, e.g.* Marucci v. Cawley & Bergmann, LLP, 66 F. Supp. 3d 559, 568 (D.N.J. Dec. 15, 2014)(holding identical allegations of a collection letter failing to disclose that interest was accruing on the debt state a claim for relief under § 1692e(2)(A)); *see also*, Smith v. Lyons, Doughty & Veldhuius, P.C., 2008 WL 2885887 (D.N.J. July 23, 2008); Avila v. Riexinger & Associates, LLC, 817 F. 3d 72 (2d. Cir. 2016) ("Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts")

99. Dynamic violated 15 U.S.C. §1692e(2)(A) because their letter attached as Exhibit B made a false representation as to the amount of the Debt, misrepresented its character (as fixed), and misrepresented its legal status (not disclosing that it was continuing to accrue interest). *See, e.g.* Marucci v. Cawley & Bergmann, LLP, 66 F. Supp. 3d 559 (D.N.J. Dec. 15, 2014)

100. Dynamic violated 15 U.S.C. §1692e(10) by failing to disclose in their letter attached as Exhibit B that the amount of the Debt may increase because of interest, and as such, used a false and misleading representation in connection with the collection of the Debt.

101. Dynamic violated § 1692e(2)(A) and § 1692e(10) and by asserting flatly in <u>Exhibit B</u>, which was the notice required by §1692g, that the amount of the Debt was a sum certain and failing to inform Plaintiff that the amount of the Debt would increase because of interest. This assertion was untrue and known to be untrue because Dynamic was hired to collect a balance on behalf of LVNV that Dynamic knew was accruing interest.

102. The false representation of the amount of the Debt and/or it's character and legal status is material because it impeded Plaintiff's ability to respond by making him think that payment of the amount of the Debt listed in <u>Exhibit B</u> would satisfy the Debt regardless of when it was paid.

103. Dynamic violated § 1692g(a)(1) by asserting flatly in their letter attached <u>Exhibit B,</u> which was the notice required by § 1692g, that the Debt owed was a sum certain and by failing to inform Plaintiff in its initial communication with him that the amount of his Debt would increase because of interest that continued to accrue on the Debt. *See,* <u>Marucci v. Cawley & Bergmann, LLP</u>, 66 F. Supp. 3d 559, 567 (D.N.J. Dec. 15, 2014)("I therefore hold that debt collectors must disclose the accrual of interest to satisfy the obligation to state 'the amount of the debt.'")

104. Dynamic violated 15 U.S.C. § 1692e by falsely implying and/or representing to Plaintiff that the Statutory Attorney Fee was due and owing to LVNV.

105. Dynamic violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt by including the Statutory Attorney Fee in the amount they demanded from Plaintiff. The Statutory Attorney Fee was not due to LVNV,

but rather was due and payable directly to the attorney for LVNV who obtained the Judgment.

106. Dynamic violated 15 U.S.C. § 1692e(10) by including a Statutory Attorney Fee in the amount demanded from Plaintiff. Including the Statutory Attorney Fee in the amount that was alleged to be owed to LVNV was false and deceptive because the Statutory Attorney Fee was not due LVNV, but rather was due and payable directly to the attorney who obtained the Judgment.

107. The false representation made by Dynamic to Plaintiff that LVNV was owed the $33.91 Statutory Attorney Fee is material because it impeded Plaintiff's ability to respond by making him think that LVNV was owed the entire amount listed in the Dynamic Letter when that was not true.

108. Dynamic violated 15 U.S.C. § 1692g(a)(1) by including a Statutory Attorney Fee in the amount demanded from Plaintiff. Dynamic did not properly state the "amount of the debt" that was allegedly owed to LVNV because the amount of the Debt listed in the Dynamic Letter included the Statutory Attorney Fee that was not owed to LVNV.

109. Plaintiff has alleged a particularized injury because the Dynamic Letter attached as Exhibit B and the LVNV letter attached as Exhibit C were mailed and directed to him.

110. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right to be free from abusive debt communications and Defendants' violations of the FDCPA results in concrete harm to Plaintiff.

111. Be reason thereof, Dynamic is liable to Plaintiff and the proposed class for judgment that Dynamic's conduct violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692g and for statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1692k.

# CLAIMS FOR RELIEF

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST LVNV FUNDING LLC)

112.  Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

113.  The actions of LVNV described above violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692(e)(10).

114.  LVNV violated 15 U.S.C. § 1692e by falsely implying and/or representing to Plaintiff that the Statutory Attorney Fee was due and owing to LVNV.

115.  LVNV violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt by including the Statutory Attorney Fee in the amount they demanded from Plaintiff and claimed they were owed. The Statutory Attorney Fee was not due to LVNV, but rather was due and payable directly to the attorney for LVNV who obtained the Judgment.

116.  LVNV violated 15 U.S.C. § 1692e(10) by including a Statutory Attorney Fee in the amount demanded from Plaintiff. Including the Statutory Attorney Fee in the amount they claimed to be owed was false and deceptive because the Statutory Attorney Fee was not due LVNV, but rather was due and payable directly to the attorney who obtained the Judgment.

117.  The false representation by LVNV that they were owed the Statutory Attorney Fee is material because it impeded Plaintiff's ability to respond by making him think that LVNV was owed the entire balance listed in the Dynamic Letter when that was not true.

## CLASS ALLEGATIONS

118. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

119. This action is brought as a class action consisting of two classes. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

120. Class A is initially defined as: (a) all individuals (b) with a New Jersey address (c) who were sent letters or notices from Dynamic in a form materially identical or substantially similar to the letter attached as <u>Exhibit B</u> to the Complaint (d) regarding an alleged debt owed to LVNV (e) which included the alleged conduct and practices described herein (f) on or after a date one year prior to the filing of this action.

121. Class B is initially defined as: (a) all individuals (b) with a New Jersey address (c) from whom LVNV attempted to collect a debt (d) where LVNV engaged in the alleged conduct and practices describes herein, (e) on or after a date one year prior to the filing of this action.

122. The class definitions above may be subsequently modified or refined.

123. The proposed classes specifically exclude the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

124. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

i. **Numerosity**: Plaintiff is informed and believe and on that basis alleges that the classes defined above are so numerous that joinder of all members of both classes would be impracticable. Defendants' violations of the FDCPA involve a form collection letter. Upon information and belief, there are at least 40 members of each class. The exact number of class members for each class is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The classes are ascertainable in that the names and addresses of all class members of both classes can be identified in business records maintained by Defendants.

ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members of both classes. Such issues include, but are not limited to: (a) The existence of Defendants' identical conduct particular to the matter at issue; (b) Defendants' violations of the FDCPA, specifically 15 U.S.C. §1692e and 15 U.S.C. §1692g; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

iii. **Typicality**: Plaintiff's claims are typical of those of the classes they seek to represent. Plaintiff's claims and those of each class member of both classes originate from the same conduct, practice, and procedure, on the part of the Defendants. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and have suffered the same injuries as

each other and each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of herself and the absent class members of both classes.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Class and does not have any interest adverse to or which directly and irrevocably conflict with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed classes. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members of the class would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and

Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the classes and against Defendants for:

1. An order certifying that Counts I and II may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that Dynamic violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692g(a)(1);

3. Adjudging that LVNV violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10)

4. An award of statutory damages for Plaintiff, and the class pursuant to 15 U.S.C. § 1692k;

5. Attorneys' fees, litigation expenses, and costs of suit pursuant to 15 U.S.C. § 1692k; and

6. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
June 2, 2020

By: /s/ Ryan Gentile
_____
Ryan Gentile, Esq.
Law Offices of Gus Michael Farinella PC
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 873-7675
Fax: (516) 305-5566
rlg@lawgmf.com